# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

## VICTORIA ANN THOMAS (ROSSIE) V. JOSEPH RICHARD ROSSIE

**Direct Appeal from the Chancery Court for Shelby County**
**No. CH-07-2118-2      Arnold B. Goldin, Chancellor**

---

**No. W2010-02336-COA-R3-CV - Filed August 31, 2011**

---

The former husband appealed the trial court's order finding him in willful contempt of the final decree of divorce.  We dismiss this appeal for lack of jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

J. STEVEN STAFFORD, J., ALAN E. HIGHERS, P.J., W.S., and DAVID R. FARMER, J.

Joseph Richard Rossie, Memphis, Tennessee, appellant, *pro se*.

Aubrey L. Brown, Jr., Memphis, Tennessee, for the appellee, Victoria Ann Thomas (Rossie).

## MEMORANDUM OPINION[1]

        The parties in this matter were divorced by order of the trial court entered on August 31, 2009. Appellant Joseph Richard Rossie then filed a petition for contempt on December 15, 2009, alleging that Appellee Victoria Ann Thomas (Rossie) had prevented him from obtaining possession of certain personalty awarded to him in the divorce. On January 8, 2010, Ms. Thomas filed a pleading styled "Former Wife's Petition for Scire Facias for Citation for Civil and Criminal Contempt, for Specific Enforcement and Money Judgment, and for Injunctive Relief." In her petition, Ms. Thomas asserted that Mr. Rossie had drawn against the remaining available credit line on the parties' home equity line of credit in violation of the parties' Marital Dissolution Agreement and the Final Decree of Divorce. Ms.

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Thomas requested various relief in the petition, including a request that the trial court find Mr. Rossie in civil and criminal contempt of court and punish him accordingly. The matters were heard on August 18, 2010, and the trial court entered an order on September 10, 2010, which found, among other things, that Ms. Thomas was not in contempt of court and that Mr. Rossie was in "willful contempt of court." Mr. Rossie filed his Notice of Appeal on October 8, 2010.

By Order entered on April 21, 2011, this Court directed Appellant Joseph Richard Rossie to obtain entry of a final judgment in the trial court within ten (10) days of the entry of this Order. In our Order, we explained that, upon reviewing the appellate record pursuant to the mandates of Rule 13(b) of the Tennessee Rules of Appellate Procedure, we could find nothing in the record reflecting that the trial court adjudicated the request for an award of alimony to Plaintiff/Appellee Victoria Ann Thomas (Rossie) as set forth in her Complaint for Absolute Divorce filed on April 24, 2008. Moreover, the trial court did not dispose of Plaintiff/Appellee Victoria Ann Thomas (Rossie)'s request that Appellant be held in **criminal** contempt of court, as set forth in "Former Wife's Petition for Scire Facias for Citation for Civil and Criminal Contempt, for Specific Enforcement and Money Judgment, and for Injunctive Relief" filed on January 6, 2010.

On April 28, 2011, Mr. Rossie filed a response to our Order of April 21, 2011, and indicated that the parties resolved the issue of alimony within the Marital Dissolution Agreement. Upon our review of the Marital Dissolution Agreement, we agree with Mr. Rossie. Appellant Rossie further maintains, however, that Appellee Thomas did not pursue adjudication of her request that Appellant be held in criminal contempt of court, as set forth in "Former Wife's Petition for Scire Facias for Citation for Civil and Criminal Contempt, for Specific Enforcement and Money Judgment, and for Injunctive Relief" filed on January 6, 2010. Thus, Mr. Rossie argues that Ms. Thomas should have prepared an order withdrawing her claim, because Mr. Rossie is currently incarcerated and cannot obtain entry of an order. Ms. Thomas filed a response in opposition to the statements contained in Mr. Rossie's response and Mr. Rossie then filed a sur-reply to Ms. Thomas's response.

Rule 3 of the Tennessee Rules of Appellate Procedure provides that if multiple parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable. Except where otherwise provided, this Court only has subject matter jurisdiction over final orders. *See Bayberry Assoc. v. Jones*, 783 S.W.2d 553 (Tenn. 1990). Upon our review of this matter, it is apparent that the order appealed is not a final judgment. Although we are not insensitive to the difficulties that Mr. Rossie may be facing in pursuing this appeal while incarcerated, it appears that he made no attempt whatsoever to comply with our Order of April 21, 2011. Thus, we must dismiss this appeal for lack of jurisdiction.

**Conclusion**

For the foregoing reasons, we dismiss this appeal. The case is remanded to the trial court for further proceedings consistent with this opinion. Should a new appeal be filed, the Clerk of this Court shall, upon request of either party, consolidate the record in this appeal with the record filed in the new appeal. Costs of this appeal are taxed to Appellant Joseph Richard Rossie for which execution may issue if necessary.

**PER CURIAM**